CHARLES F. HITCHCOCK v. RAILWAY TRANSFER COMPANY OF MINNEAPOLIS.[1]

November 14, 1900.

Nos. 12,309—(55).

**Personal Injury—Contributory Negligence.**

Evidence considered, and *held*, that it shows that the plaintiff was guilty of contributory negligence, and that the trial court rightly directed a verdict for the defendant in this, a personal injury action.

Action in the district court for Hennepin county to recover $10,-000 for personal injuries. The case was tried before Harrison, J., who directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*T. A. Gurrity* and *John W. Arctander*, for appellant.

*Albert E. Clarke*, for respondent.

START, C. J.

The plaintiff, on November 28, 1898, entered the service of the defendant as a switchman in its railroad yard in the city of Minneapolis, and continued in such service until February 10, 1899. On the day last named, as he was attempting to get upon a ladder on the side of a car for the purpose of getting on top of the car to let the brake off, he was caught between the car and a stone wall near the railroad track, whereby he was seriously injured. He brought this action to recover damages for his injuries on the ground that the defendant was guilty of negligence in maintaining its track in close and dangerous proximity to the stone wall. The trial court at the close of the evidence directed a verdict for the

[1] Reported in 84 N. W. 42.

defendant, and the plaintiff appealed from an order denying his motion for a new trial.

It may be conceded, without so deciding, that the evidence was sufficient to take the case to the jury on the question of the defendant's negligence. The action of the trial court was nevertheless right, for the admitted facts and the plaintiff's own testimony justify no conclusion except that he was guilty of negligence contributing to his injury.

In one portion of the yard in question, at the time the plaintiff commenced working, there was on the line between the defendant's yard and the land of a third party a stone retaining wall, originally sixty feet long and five feet high, running parallel with and close to the outside storage track of the yard. A portion of this wall had crumbled away, but at the place of the accident it stood practically perpendicular at its original height for five or six feet, and upon the top of it was a high, tight board fence. The space between the outer rail of the track and the wall was some two feet. Such was the condition of the wall during all of the time the plaintiff was working in the yard, except that it was covered with snow. Plaintiff was a man thirty-two years old, of nineteen years' experience in railroad service as brakeman, conductor, and switchman.

When he was employed to work in the yard, the defendant gave him written notice to the effect that, on account of limited yard room, and its inability to procure more land, it had been obliged to so construct its tracks that it was dangerous for him to work in and about the yard and upon the cars and tracks unless he exercised great care, and that he must understand that in entering the defendant's service he assumed all such risks as arose from the location of the tracks and other instrumentalities, including the retaining walls; that he must fully acquaint himself with the yard and tracks, and particularly with the points of danger specified in the notice; but by calling attention to certain dangerous conditions the defendant did not undertake that there were no others of like character. The notice then specified seventeen dangerous places in the yard; among others, a track near a certain stone retaining

wall, but did not specify the retaining wall here in question. The notice did, however, state:

"In switching off the lead tracks a man must not be upon the ladders, or hang upon the sides of cars, as they will not clear when switching onto side tracks. This is true of all parts of the yard. * * * The utmost caution must be used when using side ladders or standing on the top of cars in the territory in which this company is obliged to handle cars."

This notice was in form of a printed book in fair, legible type, and of such size that it could be conveniently carried by the plaintiff in his pocket. Annexed to this notice was a duplicate of a written contract executed by the plaintiff, in which he agreed that, in consideration of his employment by defendant, he would carefully study the notice, and make himself fully acquainted with the yard and its tracks, and every instrumentality used therein, and that he assumed all risks of accidents or injuries resulting from the location, construction, and operation of such tracks and instrumentalities.

It is the contention of the defendant that the plaintiff, by this contract, assumed all the risks arising from the close proximity of the retaining wall in question to the track, and released the defendant from all liability on account thereof. The plaintiff urges that this contract is invalid. We find it unnecessary to decide the question. But the notice, as evidence upon the question of the defendant's contributory negligence, is of great probative force, for it advised him in clear and explicit terms that the necessities of the defendant were such that it had been obliged to so construct its tracks that they were dangerous unless he exercised great care, and that he must fully acquaint himself with the yard and tracks. Thus warned, and after working in and about the yard for over two months, he was injured in the daytime by coming in contact with the retaining wall as we have suggested.

His testimony as to the accident is to the effect that on the track here in question, and near the end of the wall, a box car was standing, and that the switch engine backed in to bring it out. He was standing on the foot-board, which was twelve inches above the track, and saw the wall as they backed in, but he did not then know

it to be such, as it was covered with snow. He thought it was a snowbank. The engine passed close alongside of the obstruction, then not more than two feet away, and he could have touched it by putting out his hand. When the engine reached the car, he made the coupling from the foot-board, and the engine started out with the car. It became necessary for him to let the brake off, and to do so he got upon the ladder on the side of the car, and when it reached the wall he was caught between it and the wall, or snowbank, as he then supposed, and was injured as stated. He testified that the distance between the outside of the ladder and this obstruction was only from two to four inches. What reason he had for supposing the obstruction was a snowbank only, it is difficult to understand from the evidence. The wall was only two feet from the track, which was not obstructed by snow, and, if the wall was so covered with snow as to appear to be a snowdrift, the latter must, of necessity, have stood nearly perpendicular, with a board fence on the top of it, alongside of the track,—a danger signal. But, accepting his statement that he thought the wall was a snowbank, still he knew the obstruction was there. He also knew that it was dangerous to be upon the ladders in any part of the yard, and that the utmost caution must be observed in using them. If it was necessary for him to get on top of the car to operate the brake, the evidence discloses no reason why, in view of the obstruction he had just passed and saw, and the warning he had received, he did not do so after making the coupling, and before giving the signal for the engine to pull out.

Upon the whole evidence, taking the most favorable view of it for the plaintiff, we are of the opinion that as a matter of law he was guilty of contributory negligence.

Order affirmed.